S. AMANDA MARSHALL, OSB #953473
United States Attorney
District of Oregon
WILLIAM E. FITZGERALD, OSB #915151
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771
bud.fitzgerald@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:13-CR-00283-001-AA |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | [Sentencing: 12/17/2014; 10:00 a.m.] |
| JENELLE ROBYN PINKSTON, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, S. Amanda Marshall, United States Attorney, District of Oregon, and William E. Fitzgerald, Assistant United States Attorney, hereby submits the following sentencing memorandum.

# FACTS

On April 16, 2013, Janelle Robyn Pinkston used her personal cell phone to call in a bomb threat to Waverly Elementary School in Albany. School authorities activated the fire alarm and called for emergency responders. Approximately 270 students and staff evacuated the school. After investigating, police determined the threat was a hoax.

On May 23, 2013, Pinkston repeated her threat to Waverly Elementary School and called in another false bomb threat to Periwinkle Elementary School in Albany, Oregon. As with the initial threat, fire alarms were activated, emergency responders were called to the scene and students and staff were evacuated. Phone records led police to Pinkston.

When police contacted Pinkston at her Albany residence, she initially denied the threats, admitting that she called Periwinkle Elementary School to find out if she could take cupcakes to the school for her grandson who was a student there. However, after police confronted her with information from phone records, she confessed and was arrested.

A representative from the Albany School District wrote a letter explaining the impact of Pinkston's crimes, calling the threats "disruptive to education, upsetting to students, alarming to parents, and fear causing to staff." The police and fire cost was $5,934.21.

## SENTENCING CONSIDERATIONS

On September 4, 2014, the defendant pled guilty to Count One of a three-count Indictment charging her with willfully using a telephone to make a threat to unlawfully damage and destroy a building, more specifically, Waverly Elementary School, at or near the city of Albany, Oregon, by means of an explosive, in and affecting interstate commerce, in violation of 18 U.S.C. § 844(e).

The maximum sentence is 10 years in prison, a $250,000 fine, three years of supervised release, and a mandatory $100 special assessment. There is no mandatory minimum prison sentence.

For sentencing purposes, the Court must first determine the guideline range and then decide a sentence that is sufficient, but not greater than necessary to accomplish the ends of sentencing. The sentence should: (1) reflect the seriousness of the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes; and (4) provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

A. **RELEVANT DECISIONS**

In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004).

The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." Booker, 125 S. Ct. 757. This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to review by the Court of Appeals for "reasonableness." Id. at 769.

In the wake of Booker, this Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed.

A sentence within the guideline range accommodates the Congressional purpose, affirmed by the Supreme Court, of obtaining fair sentences which are uniform to the extent possible. The government anticipates that only sentences outside the guideline range will be subject to appellate scrutiny for reasonableness in light of the Congressional mandate.

The Supreme Court has held that there is no rule which requires an "extraordinary circumstance" to justify a sentence outside the guideline range. Gall v. United States, 128 S. Ct. 586, 595 (2007). Nevertheless, the Court in Gall recognized that the guidelines are "the product of careful study based on extensive empirical evidence

PAGE 4 - GOVERNMENT'S SENTENCING MEMORANDUM

derived from the review of thousands of individual sentence decisions." Id. at 594. It is because of the "extensive empirical evidence" supporting the guidelines that the United States continues to recommend guideline sentences in all but extraordinary cases.

Even though the guidelines are advisory rather than mandatory, the district court must begin all sentencing proceedings by calculating the applicable guideline range. Id. at 596. While there is no presumption of unreasonableness that accompanies a sentence outside the guideline range, id. at 597, no sentence within the range will be reversed, absent an abuse of discretion. Id. at 596. See Kimbrough v. United States, 128 S. Ct. 558, 574 (2007) ("District Courts must treat the Guidelines as 'the starting point and the initial benchmark'.").

## B. GUIDELINE ANALYSIS

The advisory guideline calculations are governed by the 2014 edition of the United States Sentencing Guidelines Manual, hereinafter "U.S.S.G."

### 1. Base Offense Level

Defendant's base offense level is 12, pursuant to U.S.S.G. § 2A6.1(a)(1).

### 2. Enhancement for Multiple Threats

Defendant's offense level should be increased by two levels, pursuant to U.S.S.G. § 2A6.1(b)(2), because the offense involved more than two threats.

### 3. Enhancement for Disruption of Public Services

Defendant's offense level should be increased by four levels, pursuant to U.S.S.G. § 2A6.1(b)(4), because the offense resulted in substantial disruption of public services.

4. **Acceptance of Responsibility**

Pursuant to U.S.S.G. § 3E1.1, Defendant is entitled to a 3-level reduction because her adjusted offense level is 16 or higher and she has clearly demonstrated acceptance of responsibility for her offense. This adjustment reduces Defendant's offense level to 15.

5. **Advisory Guideline Range**

A final offense level of 15, together with Defendant's criminal history category of III, produces a guideline range of 24 to 30 months.

6. **Joint Recommendation for 24 Months in Prison**

Under the plea agreement, the defendant agreed to waive her right to ask for a below-the-guidelines sentence. The practical result is that the parties jointly recommend a sentence of 24 months in prison.

7. **Restitution**

The presentence report recommends restitution to the following victims in the following amounts:

| Victim | Amount |
| --- | --- |
| Albany Fire Department | $1,825.80 |
| Albany Police Department | $2,665.45 |
| Linn County Sheriff's Office | $1,442.96 |

PAGE 6 - GOVERNMENT'S SENTENCING MEMORANDUM

These loss figures, provided by each agency, are not in dispute.   The aggregate loss is $5,934.21.

## RECOMMENDATION

The government recommends a sentence of 24 months in prison and restitution as stated above.   Pursuant to the plea agreement, the government supports placement at the Federal Medical Center in Carswell, Texas.

The recommended sentence is appropriate in light of the facts of this case, the advisory sentencing guidelines and the factors in 18 U.S.C. § 3553(a).

DATED this 4th day of December, 2014.

                                              Respectfully submitted,

                                              S. AMANDA MARSHALL
                                              United States Attorney

                                              */s/ William E. Fitzgerald*
                                              WILLIAM E. FITZGERALD
                                              Assistant United States Attorney